**Application of Audrey I. CUTTING, Mother and Guardian of Sylvia Anne Henderson, for a Writ of Habeas Corpus (From the District Court for the District of Nebraska), Petitioner.**

**Misc. No. 201.**

United States Court of Appeals
Eighth Circuit.

April 26, 1963.

Audrey I. Cutting, pro se.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner, as mother and guardian of Sylvia Anne Henderson, has apparently mailed a stereotyped blanket form of petition to the judges of the several federal district courts and the judges of the various trial courts of the States, requesting that writs of habeas corpus be issued on a general basis against the United States Marshals, the Sheriffs, and the Chiefs of Police throughout the country to require them to bring her daughter before the court.

The daughter is alleged to have been missing for ten years, and petitioner admits that she has no knowledge of where the daughter is or by whom she may be held in custody. Petitioner merely is of the belief that the daughter must be in custody somewhere, and she therefore abstractly asserts that the daughter is "unlawfully imprisoned, detained, restrained, either in the federal and state prisons or mental or rest home institutions, or other federal prisons set aside for imprisonments under state jurisdic-

tions by the U. S. Department of Justice".

 Writs of habeas corpus may not be sought on the basis of mere instruments of search for locating missing persons. The function of the ad subjiciendum writ is examination of existing custody or detention. Only where one is shown to be holding or to reasonably appear to be holding another in such custody or detention is there a basis for making him respond to a writ. Thus, 28 U.S.C.A. § 2242, expressly requires that an application by a person, or in his behalf, for a writ of habeas corpus "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known."

Petitioner's application to the federal district courts to engage in issuing writs of habeas corpus, on the "to whom it may concern" or dragnet basis attempted by her, would not call for any judicial consideration or entitle petitioner to have docketing in forma pauperis made of the application.

In the situation which is before us, the District Court for the District of Nebraska gave consideration to petitioner's application, made denial of it, permitted notice of appeal to be filed without prepayment of fee but refused leave to proceed with the appeal in forma pauperis, and denied a certificate of probable cause. The denial of certificate of probable cause apparently was made in relation to the request for writs against the Sheriffs and the Chiefs of Police of the District.

In view of the notice of appeal which was permitted to be filed, the Clerk of the District Court has, in accordance with our Rule 8(d), transmitted a certified copy thereof to the Clerk of this Court. The notice of appeal had been made to contain also a designation of the record on appeal and a statement of the points intended to be raised. From its contents, it would appear that petitioner further intended the notice to serve as

an application to us for leave to appeal in forma pauperis and for the issuance of a certificate of probable cause by a judge of this court in relation to the denial of writ made as to the Sheriffs and Chiefs of Police of the District. We shall so treat the instrument.

On what has been said above, however, the appeal which petitioner seeks to take would be legally frivolous. The application for leave to appeal in forma pauperis and for the issuance of a certificate of probable cause must accordingly be denied.

Application denied.